MEMO ENDORSED



Arthur D. Middlemiss
212 822 0129
arthur.middlemiss@lbkmlaw.com

May 14, 2026

**<u>VIA ECF</u>**
Hon. Kenneth M. Karas
Federal Building and U.S. Courthouse
300 Quarropas St.
White Plains, NY 10601-4150

> **Re:** *Martin Soudani and Eman Soudani v County of Orange et al.*
> **No. 25-cv-04320**

Your Honor:

We write pursuant to the Court's request for an additional update regarding Mout'z Soudani's death.

As background, on March 9, 2026, Plaintiffs filed a letter motion for clarification of case status and, in particular, whether the County Defendants motion for a stay itself stayed the proceedings. Plaintiffs asked the Court for such clarification after seeking a Rule 26(f) conference with County Defendants' counsel, who indicated that the conference was premature.

That same day, the County Defendants responded, arguing in substance that discovery should be stayed pending the outcome both of the criminal matter and Plaintiff Martin Soudani's appeal, in his capacity as the temporary administrator of the Estate of Stewart Rosenwasser for the limited purpose of seeking indemnification from the County, to the New York State Appellate Division, Second Department. As reported in the March 9, 2026 letter to the Court, Plaintiff Martin Soudani now seeks to appeal the Appellate Division's decision to the New York State Court of Appeals.

On April 2, 2026, the Court ordered that the Action be stayed "until a judgment is entered in the criminal proceeding before Judge Seibel. (*See United States v. Soudani*, 24-CR-555 (S.D.N.Y.).)" The Court denied "other requests" sought in Defendant's Motion to Stay "without prejudice to renewal after a judgement is entered in the criminal proceeding." (ECF 38 at 12). Further the Court instructed the Parties to provide a joint status update no later than June 19, 2026 or sooner in the event of any developments in the criminal proceeding that bear on the status of the Action.

On April 30, 2026, the Plaintiffs filed a letter to inform the Court that they had been told that Mout'z Soudani passed away on or around April 16, 2026. Plaintiffs reached out to counsel for the County Defendants, who stated that they did not need to join Plaintiffs' counsel in the

# MEMO ENDORSED

Lewis
Baach
Kaufmann
Middlemiss
PLLC

May 14, 2026
Page 2

Plaintiff's April 30, 2026 letter update. That same day, the Court thanked counsel for the letter and asked that another update be submitted no later than June 15, 2026 (ECF: 41).

On May 1, 2026, the U.S. government filed a letter motion attaching a proposed *nolle prosequi* in the criminal matter on the basis of Mout'z Soudani's death. The court in the criminal matter endorsed the order that same day. The *nolle prosequi* effectively ended the criminal prosecution of Mout'z Soudani.

It is Plaintiffs' position that, per the terms of the Court's April 2, 2026 Order, the matter is no longer stayed, that discovery should proceed, and that the County Defendants should be directed to schedule and engage in a Rule 26(f) conference for the reasons stated in their March 9, 2026 letter to the Court, *i.e.*, even if the Court permits the County Defendants to renew the "other requests" in their Motion to Stay, discovery should proceed. To the extent the Court entertains the County Defendants' request to stay the case pending the resolution of the state appeal, Plaintiffs maintain that the County Defendants have not met their burden to show why such a stay is appropriate and relies on their papers on the issue. Moreover, a stay of the case pending the Court's resolution of the County Defendants' renewed stay request is unwarranted, and it is the County Defendants' burden to show that such a stay is appropriate.

The County Defendants' position is as follows.  In its April 2, 2026 Order, the Court held that because "a stay is appropriate on the basis of the criminal proceedings, the Court need not consider at this juncture whether a stay would be appropriate based on Plaintiffs' pending state appeal." (ECF # 38, at 12.)  Although the criminal proceedings have now been concluded, the Court should maintain the stay pending resolution of Plaintiffs' still-pending state appeal.  Importantly, said appeal is nearing its conclusion—Plaintiffs' Article 78 petition has been denied by the Supreme Court, that denial has been affirmed by the Appellate Division, and Plaintiffs' motion for leave to appeal to the Court of Appeals is pending adjudication by that Court.  All the reasons to stay the instant action pending that final adjudication, as set forth in the County Defendants' original motion papers (*see* ECF # 31, at 9-11; ECF # 35, at 3-4), still apply.  In particular, any delay caused by the state appeal process is due solely to Plaintiffs' own litigation strategy.  Any prejudice to Plaintiff from such delay is no greater than if the criminal trial had gone forward in June as scheduled.

In the alternative, if the Court is inclined to lift the stay despite Plaintiffs' pending state appeal, the County Defendants would respectfully request to now renew their motion to dismiss, which was denied without prejudice (ECF # 38, at 12), and would further request that any discovery be stayed while the Court determines said motion.  Any such stay need not be lengthy as the motion to dismiss was already fully briefed and is thus ripe for determination.  "Plaintiffs point to no specific reason why a stay would prejudice them." *Broccoli v. Ashworth*, No. 21-CV-6931 (KMK), 2023 WL 6795253, at *2 (S.D.N.Y. Oct. 11, 2023).

**Lewis Baach Kaufmann Middlemiss PLLC**

# MEMO ENDORSED

May 14, 2026
Page 3

Thank you for your consideration.

The question whether Defendants are entitled to a stay pending the disposition of the state court proceedings is analyzed under the Colorado River abstention doctrine. *See Woodford v. Cmty. Action Agency of Greene Cnty., Inc.*, 239 F.3d 517, 522 (2d Cir. 2001) (analyzing request to "stay or discontinue" overlapping litigation under Colorado River). "Colorado River abstention doctrine . . . allows 'a federal court [to] abstain from exercising [its] jurisdiction' in certain 'exceptional circumstances . . . when parallel state-court litigation could result in comprehensive disposition of litigation and abstention would conserve judicial resources.'" *LeChase Constr. Servs., LLC v. Argonaut Ins. Co.*, 63 F.4th 160, 166 (2d Cir. 2023) (quoting *Niagara Mohawk Power*

Respectfully submitted,

/s/ Arthur D. Middlemiss
Arthur D. Middlemiss
*Counsel for Plaintiffs Eman and Martin Soudani*

/s/ David Chen
David Chen
*Counsel for the County Defendants*

Cc: All counsel of record (via ECF)

*Corp. v. Hudson River-Black River Regulating Dist.*, 673 F.3d 84, 100 (2d Cir. 2012)) (quotation marks omitted). A district court with subject matter jurisdiction has "a virtually unflagging obligation to exercise that jurisdiction, even if an action concerning the same matter is pending in state court." *Mochary v. Bergstein*, 42 F.4th 80, 84 (2d Cir. 2022) (citation and quotation marks omitted).

*Colorado River* abstention applies where (1) the two actions are "parallel" and (2) the balance of six factors laid out in *Colorado River* favor abstention. *See, e.g., Gentes v. Osten*, No. 21-2022, 2022 WL 16984686 (2d Cir. Nov. 17, 2022) (summary order) (describing two-step analysis and collecting cases). "Federal and state proceedings are 'parallel' for abstention purposes 'when the two proceedings are essentially the same; that is, there is an identity of parties, and the issues and relief sought are the same." *Abe v. N.Y.U.*, No. 14-CV-9323, 2016 WL 1275661, at *6 (S.D.N.Y. Mar. 30, 2016) (quoting *Nat'l Union Fire Ins. Co. of Pittsburgh v. Karp*, 108 F.3d 17, 22 (2d Cir. 1997)). Doubts are resolved against abstention. *Riggi v. Charlie Rose Inc.*, 777 F. Supp. 3d 356, 362 (S.D.N.Y. 2025). The "critical inquiry" is whether there exists a substantial likelihood that the "state litigation will dispose of all claims presented in the federal case." *Id.* (citation and quotation marks omitted, emphasis in original). Because the state court appeal appears to involve exclusively a request for indemnification, there is no possibility that the state court appeal will resolve of all the claims presented. *See Soudani v. County of Orange*, No. 2025–11394, 2026 WL 886560 (N.Y. App. Div. Apr. 1, 2026); *cf. DeMaria v. New York State Unified Ct. Sys.*, No. 23-CV-3627, 2024 WL 1076543, at *5–6 (S.D.N.Y. Mar. 12, 2024) (holding that an Article 78 action was not parallel to federal court proceeding between the same parties involving the same facts). Accordingly, the request for a stay pending the state court proceedings must be denied.

Accordingly, the stay in this Action is lifted. As Defendants have indicated that they wish to refile their Motion to Dismiss, they may submit their renewed Motion to Dismiss on June 29, 2026. Plaintiffs' Opposition should be due no later than July 29, 2026, with Defendants' Reply due by August 12, 2026.

So Ordered.

May 26, 2026

NEW YORK    WASHINGTON    LONDON    BUENOS AIRES

lbkmlaw.com